## SUPREME COURT.

WILLIAM WOODBURY, *appellant*, agt. ALANSON P. MORTON, *respondent.*

Upon an order of the county court granting a new trial in an action in that court upon a case and exceptions there made, the two items of $20 before argument and $40 for argument, cannot be allowed on the *taxation of costs*. Such a case is expressly excepted from the operation of sub. 5, §307 by its very terms. The appeal having been taken under the second paragraph of §344 of the Code.

Where the plaintiff had an order for a new trial in the county court, on an appeal from a verdict rendered for the defendant in that court, in an action originating in a justice's court, where the plaintiff had a judgment in his favor, and the general term of the supreme court, on appeal, affirmed the order, granting the plaintiff a new trial; and the attorneys for the respective parties, previous to the decision of the supreme court, entered into a stipulation that in case defendant was defeated in the supreme court on such appeal and the court refused to allow him an order to appeal to the court of appeals, the plaintiff might enter judgment in the action against the defendant "for the amount of the judgment rendered by the justice with costs of this action to be taxed."

*Held.* that the plaintiff, on retaxation of costs, was not entitled to *interest on the justice's judgment.* The stipulation did not give him any interest, and the judgment did not draw interest by operation of law as the appeal from it to the county court superseded it, and the new trial in the county court put an end to it, so that it was no longer a claim in the plaintiff's favor.

*General Term, Fourth Department, March, 1872.*

*Present* MULLIN, *P. J.,* JOHNSON *and* TALCOTT, *JJ.*

THIS is an appeal from an order directing a reataxtion of costs and the disallowance thereon of certain items before taxed.

*By the court,* JOHNSON, *J.*—The two items of $20 before argument and $40 for argument .was properly

directed to be stricken out and disallowed on retaxation.
The plaintiff contends that he was entitled to have
these items taxed, under sub 5 of §307 of the Code.
But the appeal to this court which was argued, and
upon which the right to have these items taxed is claimed,
was from an order of the county court, granting a new trial
in an action in that court, upon a case and exceptions there
made. It is one of the cases expressly excepted from the
operation of sub 5 by its very terms. The appeal was
taken under this second paragraph of §344. This sub
5 of §307 has been amended by the addition of this
second paragraph of §344 to the exception, since the deci-
sion in *Williams*, agt. *Murray*, (32 *How., R. R.*, 18.) It is
conceded by the appellant that the item of $10 before mo-
tion was properly disallowed, and ordered to be stricken out.
As to the item of $12 20, interest on the judgment before
the justice, from the time it was docketed, we think it was
also properly ordered to be disallowed in the retaxation. The
judgment in the action was to be entered upon a stipula-
tion between the parties to the effect that in case the general
term of the supreme court should deny the defendant's ap-
plication for leave to appeal to the court of appeals, the
plaintiff might enter judgment in the action against the de-
fendant "for the amount of the judgment rendered by the
justice HIRAM PARKER, with costs of this action to be taxed.
The action was commenced in a justice's court, where the
plaintiff had a judgment, from which the defendant appealed
for a new trial to the county court of Cattaraugus county.
A new trial was had in that court, and the defendant had a
verdict which was set aside and a new trial granted in favor
of the plaintiff with costs, to abide the event. This order
granting a new trial was afterwards on appeal by the defend-
ant to the general term of this court affirmed, the defendant
then moved for leave to appeal from our order to the court
of appeals, which motion was denied. The plaintiff is, there-
fore, entitled to his judgment in pursuance of the stipulation

for the "amount" of his judgment before the justice. The term "amount" could be usually understood to include the principal with the legal incident of interest if the sum or demand specified bore interest, as matter of law. Otherwise the amount could be no more than the sum specified in the obligation or claim referred to. The right to interest in every case vesting in contract depends upon agreement express or implied. There must be either an express agreement to pay interest, or the circumstances of the case must be such that the law will imply a promise to pay it. When there is an express agreement in writing to pay a certain sum, or to do a certain thing at a future day specified, or upon the happening of a particular event, and nothing is expressed about the payment of interest, it does not bear interest until after the day of payment has passed.

The law in such a case only implies promise to pay interest after the payment falls due. And the stipulation upon which the judgment was to be entered was in writing, and nothing was expressed in it in regard to interest. The question then is, whether as matter of law this judgment before the justice had been drawing interest from the time of its rendition notwithstanding the appeal from it for a new trial in the county court. If not interest was not an incident, and formed no part of the amount of the judgment, and was not embraced in the stipulation. By the appeal for a new trial the judgment before the justice was superseded, and the new trial in the county court put an end to it, so that it was no longer a claim in the plaintiff's favor. In that contract it did not bear interest, and interest being no legal incident of that judgment was not embraced in the term "amount" in the stipulation. In such a case the term "amount" can only mean the sum for which the judgment was rendered. It is to be observed that the stipulation was not intended, nor did it have the effect to withdraw the appeal and to restore the justice's judgment to its original force and vigor; but the judgment referred to as containing the sum or amount for

Woodbury agt. Morton.

which the plaintiff might take judgment in virtue and by force of the written stipulation, and as no interest was stipulated for, none can be taxed. The plaintiff is no more entitled to interest on the amount, than he would have been had any other sum been named in the stipulation. The order must, therefore, be affirmed with $10 costs of appeal.